Filed 2/26/26  P. v. Snow CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICKY ALAN SNOW,<br><br>    Defendant and Appellant. | C098308<br><br>(Super. Ct. No. CM027251)<br><br>OPINION ON TRANSFER |

Defendant Ricky Alan Snow was originally sentenced in 2008.  His sentence included two terms of 25 years to life under the original "Three Strikes" law and prior prison term enhancements under Penal Code section 667.5, subdivision (b).[1]  The Legislature recently limited the circumstances in which these enhancements apply, and defendant appeals from the trial court's February 23, 2023 sentencing order pursuant to

---

[1] Undesignated statutory references are to the Penal Code.

1

section 1172.75. In that resentencing, the trial court struck defendant's prior prison term enhancements but left his sentence otherwise intact.

On appeal, defendant argues he is entitled to resentencing because the court did not apply the Three Strikes Reform Act of 2012 (Reform Act or the Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) to reduce his sentence further.

On May 13, 2024, we issued an unpublished opinion affirming the judgment.

Defendant petitioned our Supreme Court for review. The Supreme Court granted review and deferred the matter pending consideration and disposition of a related issue in *People v. Superior Court (Guevara)*, S283305, or pending further order of the court.

On December 17, 2025, our Supreme Court transferred the matter to this court, with directions to vacate our decision and reconsider the cause in light of *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*). We vacated our opinion on December 23, 2025. Under *Guevara*, we reverse the judgment and remand for further proceedings.

BACKGROUND

In 2008, the trial court found defendant guilty of first degree burglary with a person present (§ 459 - count 1), making criminal threats (§ 422 - count 2), and vandalism (§ 594, subd. (a) - count 3). In a bifurcated proceeding, the trial court also found true allegations that defendant was previously convicted of two or more serious or violent felonies under the former Three Strikes law and that he served two separate prison terms under section 667.5, subdivision (b).

The trial court sentenced defendant to an aggregate term of 31 years to life. For his first degree burglary conviction, the court sentenced defendant to an indeterminate term of 25 years to life under the former Three Strikes law. The court added five years under section 667, subdivision (a), one year under section 667.5, subdivision (b), and imposed, but stayed pursuant to section 654, an additional one-year term under section 667.5, subdivision (b).

On defendant's conviction for making criminal threats, the court imposed a concurrent, upper term of three years in state prison, stayed pursuant to section 654. On defendant's vandalism conviction, the court imposed another indeterminate term of 25 years to life, plus two 1-year enhancements under section 667.5, subdivision (b); the court stayed that term, along with the enhancements, under section 654.

In July 2022, the Department of Corrections and Rehabilitation identified defendant as a person serving a term of imprisonment that included an enhancement described in former section 1171.1, subdivision (a).[2] The trial court appointed counsel and set the matter for resentencing. At resentencing, the trial court struck defendant's prior prison term enhancements and resentenced defendant to 25 years to life, plus five years on his burglary conviction. The court imposed but stayed the upper term of three years on defendant's conviction for making criminal threats, and imposed but stayed another indeterminate life sentence on his conviction for vandalism.

DISCUSSION

A.      *Relevant Statutory Background*

      1.      *Three Strikes and The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*People v. Conley* (2016) 63 Cal.4th 646, 651 (*Conley*).) The Reform Act lessened the prescribed sentence for a third strike defendant whose current offense is not a serious or violent felony. (*Id.* at p. 652.) "A defendant does not qualify for this ameliorative change . . . if his current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex

_____

[2] Former section 1171.1 was renumbered to section 1172.75 without substantive change. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); (Stats. 2022, ch. 58, § 12).)

offenses (*id*., subd. (c)(2)(C)(ii)), or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id*., subd. (c)(2)(C)(iii)).  The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death.  (§ 1170.12, subd. (c)(2)(C)(iv)(I)-(VIII).)  The Act provides that these disqualifying factors must be pleaded and proved by the prosecution.  (§ 1170.12, subd. (c)(2)(C).)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure.  ([]§ 1170.126, subd. (a).)  Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons [could] file a petition for a recall of sentence before the trial court that entered the judgment of conviction.  (*Id*., subd. (b).)  If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id*., subd. (f)).  In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.'  (*Id*., subd. (g).)' "  (*Conley, supra*, 63 Cal.4th at p. 653.)

## 2.    Section 1172.75

Subdivision (a) of section 1172.75 provides:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75 creates a mechanism for resentencing individuals whose convictions are already final.  First, the Secretary of the Department of Corrections and Rehabilitation notifies the sentencing court of a person in its custody who is serving a prison term that includes an enhancement described in subdivision (a).  (§ 1172.75, subd. (b).)  The trial court then reviews the judgment and, if it determines the judgment includes an enhancement described in subdivision (a), "the court shall recall the sentence and resentence the defendant."  (*Id*., subd. (c).) The statute sets forth four parameters for resentencing.  (*Id*., subd. (d).)  First, the resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (*Id*., subd. (d)(1).)  Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id*., subd. (d)(2).)  Third, the court may take into consideration postconviction factors.  (*Id*., subd. (d)(3).)  Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id*., subd. (d)(4).)  Section 1172.75 also requires the

appointment of counsel and provides that the parties may waive a resentencing hearing. (*Id.*, subds. (d)(5), (e).)

B.      *Analysis*

Defendant argues the trial court erred in resentencing him to an indeterminate life term on his vandalism conviction because he was entitled to a "full resentencing" under section 1172.75, subdivision (d), during which the trial court was required to apply the current penalty provisions set forth in the Reform Act. And under the Reform Act, vandalism no longer qualifies as a serious or violent felony. Accordingly, he contends, the trial court was not authorized to impose an indeterminate life sentence on his vandalism conviction absent a finding "by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (See § 1172.75, subd. (d)(1).)

In *Guevara*, the trial court also recalled the defendant's sentence under section 1172.75 but "resentenced him on his third strike offense according to current law to a determinate term of eight years." (*Guevara, supra*, 18 Cal.5th at p. 850.) Our Supreme Court granted review to consider whether, by permitting recall and resentencing of indeterminate third strike sentences, section 1172.75 unconstitutionally amends section 1170.126. (*Guevara, supra*, at p. 850.) Our Supreme Court held that, "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Ibid*.) Our Supreme Court remanded to the Court of Appeal with instructions to remand the case to the superior court to determine whether sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " (*Id*. at p. 878.) If it so determined, the superior court was to reimpose the indeterminate term. (*Ibid*.) "If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant]

6

pursuant to the revised penalty provisions of the Reform Act." (*Ibid*.)  We remand for the trial court to conduct a new resentencing hearing consistent with *Guevara*.

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court to conduct resentencing consistent with this opinion.



/s/
WISEMAN, J.*



We concur:



/s/
EARL, P. J.



/s/
KRAUSE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.